UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY LANDIX**<br><br>             **Plaintiff**<br><br>**VERSUS**<br><br>**TAYLOR-SEIDENBACH, INC.**<br><br>             **Defendant** | **CIVIL ACTION NO:**<br><br>**SECTION:**<br><br>**JUDGE:**<br><br>**MAGISTRATE JUDGE:** |

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc., f/k/a Avondale Marine Ways, Inc.) (hereinafter "Avondale"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the removal of the above-entitled action bearing No. 2025-03367 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1). The grounds for removal are as follows:

1.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

1

2.

On April 4, 2025, Plaintiff, Betty Landix ("Plaintiff"), filed a Petition for Damages and Demand for Jury in Civil District Court for the Parish of Orleans (the "original Petition").[1] The original Petition alleges that Plaintiff was diagnosed with "malignant colon cancer" as a result of exposure to asbestos.[2] The original Petition did not name Avondale as a defendant.[3] On May 16, 2025, Plaintiff filed a First Supplemental, Amended, and Restated Petition for Damages (the "First Amended Petition"), which named Avondale as a defendant.[4] In it, Plaintiff again alleges that she was diagnosed with "malignant colon cancer."[5] She alleges that she was exposed to asbestos in part, from her husband's work as a welder and helper at Avondale between 1968 and 1973.[6] Plaintiff further alleges that asbestos fibers escaped into the ambient air and onto her husband's clothing during the course and scope of her husband's employment at Avondale and other locations.[7] Plaintiff makes negligence, intentional concealment, premises liability, strict liability, and take home liability claims against Avondale.[8]

3.

The First Amended Petition alleges that Avondale had the obligation, but failed, to comply with the standards related to asbestos set forth specifically by the Walsh Healey Public Contracts Act ("Walsh Healey Act").[9]

---

[1] Exhibit A, Petition for Damages and Demand for Jury.
[2] *Id.* at ¶¶ 6-7.
[3] *Id.* at ¶ 2.
[4] Exhibit B, First Supplemental, Amended, and Restated Petition for Damages, at ¶ 2BB.
[5] *Id.* at ¶ 6.
[6] *Id.* at ¶¶ 7, 31(b).
[7] *Id.*
[8] *Id.* at ¶¶ 13-21, 27-31.
[9] *Id.* at ¶¶ 13(J), 14.

4.

The Walsh Healey Act applies to U.S. government contracts with private entities exceeding $10,000.00 for the manufacturing or furnishing of goods. Through the Walsh Healey Act, the federal government issued advisories to government contractors, like Avondale, regarding asbestos and safety standards related to the levels of permissible asbestos exposure. The only federal contracts that Avondale had during the alleged exposure period, and thus the only contracts subjecting Avondale to the requirements of the Walsh Healey Act, were contracts between Avondale and the United States to build different types of Federal Vessels. The contracts Avondale had with the United States expressly incorporated the requirements of Walsh Healey at the time they were signed. In other words, Plaintiff contends that, due to Avondale's failure to comply with the Walsh Healey Act and due to asbestos in the ambient air of her husband's workplace, Plaintiff was exposed to asbestos which caused her colon cancer.

5.

During the alleged exposure period, 1968 to 1973, Avondale constructed numerous vessels pursuant to contracts with the federal government. More specifically, Avondale constructed vessels pursuant to contracts with the United States Navy, United States Coast Guard, and United States Maritime Administration ("MARAD"). The government vessels included Navy Destroyer Escorts, Coast Guard Cutters, and Lykes and LASH cargo vessels constructed for MARAD (collectively, the "Federal Vessels"). The Federal Vessels were built with asbestos-containing materials pursuant to the Navy, Coast Guard, and MARAD's requirements. Thus, to the extent Plaintiff is alleging her asbestos exposure came from asbestos-containing materials installed on Navy, Coast Guard, and/or MARAD vessels at Avondale during the relevant years and related violations of the Walsh Healey Act, such exposure is necessarily attributable to asbestos-

containing materials required and destined for use in the construction of the Federal Vessels. Thus, Plaintiff's First Amended Petition reveals on its face that Plaintiff claims that her exposure to asbestos from her husband's work at Avondale is attributable, in part, to asbestos used and installed on Federal Vessels at Avondale, pursuant to Avondale's contracts with the federal government.

6.

This removal is being filed within thirty days of service of the Petition for Damages and Demand for Jury and the First Supplemental, Amended, and Restated Petition for Damages on Avondale on June 4, 2025, and is therefore timely under 28 U.S.C. § 1446.

7.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

8.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g.*, *Savoie v. Huntington Ingalls Inc.,* 817 F.3d 457, 461 (5th Cir. 2016).

9.

Avondale was "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the United States Navy and United States Coast Guard vessels because the federal government contracted with Avondale to perform a task that the government otherwise would itself have had to perform—namely, to build ships "used to help

conduct a war" and to further other national interests. *E.g.*, *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 153–54 (2007); *Savoie*, 817 F.3d at 461–62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy); *Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2020 WL 6867250, at *5 (E.D. La. Nov. 23, 2020) (Avondale was acting under a federal officer in the construction of vessels for the United States Coast Guard).

10.

Avondale was also "acting under" a federal officer within the meaning of § 1442(a)(1) when it built the Lykes and LASH cargo vessels pursuant to contracts with MARAD, because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the United States Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

11.

If Plaintiff was exposed to asbestos from work undertaken in conjunction with the construction of the Federal Vessels, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

12.

Plaintiff's claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged

conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d at 296.

13.

The use and installation of asbestos-containing materials in the construction of the Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the United States Navy, United States Coast Guard, and MARAD.

14.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

15.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the Navy, Coast Guard, and MARAD.

16.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout

construction and prior to final acceptance of the Federal Vessels. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of the contract.

17.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

18.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the delivery of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

19.

The United States government also promulgated specific safety rules, regulations, and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh Healey Public Contracts Act and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during the Federal Vessels' construction. United States government safety inspectors specifically monitored and enforced

these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

20.

Avondale raises two colorable federal defenses to one or more of the Plaintiff's claims in this action. First, one or more of Plaintiff's claims are barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *See Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence and strict liability claims relate to the acts performed under color of federal office.

21.

The reasonably precise design specifications established by the Navy, Coast Guard, and MARAD mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal Vessels conformed to the specifications mandated by the Navy, Coast Guard, and MARAD—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

22.

Second, Plaintiff's claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here, rendering Avondale immune from suit, because

Avondale performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

23.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Humphries v. Elliott Co*., 760 F.3d 414, 417 (5th Cir. 2014); *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

24.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *See Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

25.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" them in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

ACCORDINGLY, Avondale hereby gives notice that the proceeding bearing Case No. 2025-03367 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC

*/s/ David M. Melancon*
Gus A. Fritchie (#5751)
Timothy F. Daniels (#16878)
David M. Melancon (#23216)
M. Scott Minyard (#21879)
Kevin Powell (#25324)
Alison A. Spindler (#34103)
Laura A. Leggette (#35882)
Connor W. Peth (#39499)
Alexander R. Saunders (#28753)
Diana J. Masters (#37372)
Kelli Murphy Miller (#40465)
Patrick M. Bollman (#38674)
Dominic Dewey (#41219)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
Email: irwinavondale@irwinllc.com

**Counsel for Huntington Ingalls Incorporated**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 1st day of July 2025.

*/s/ David M. Melancon*