FILED ATTORNEY'S COPY
2025 APR -4
CIVIL DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**NO.:** 2025-03367 **SECTION:** **DIVISION:** L-6

**BETTY LANDIX**

**VERSUS**

**TAYLOR-SEIDENBACH, INC., ET AL.**

**FILED:** ______________________ ______________________
**DEPUTY CLERK**

**PETITION FOR DAMAGES AND DEMAND FOR JURY**

COMES NOW Petitioner, BETTY LANDIX, by and through undersigned counsel, who respectfully states the following:

**1.**

Petitioner, BETTY LANDIX, is an adult domiciled in Jefferson Parish, in the State of Louisiana.

**2.**

Made Defendants herein are the following: either foreign corporations licensed to do and doing business in the State of Louisiana, domestic corporations licensed to do and doing business in the State of Louisiana, or individuals that are liable unto the Petitioners for the claims asserted herein:

**ASBESTOS MINERS/MANUFACTURERS/ SELLERS/SUPPLIERS/CONTRACTORS/DISTRIBUTORS**

**A. TAYLOR-SEIDENBACH, INC.**

**3.**

Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant, Taylor-Seidenbach, Inc., is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish.

**4.**

This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 73 because the defendants listed above

contributed to Petitioner's exposure to asbestos and subsequent contraction of colon cancer and, therefore, each is solidarily liable to Petitioner with Defendant, Taylor-Seidenbach, Inc., domiciled in Orleans Parish.

**BACKGROUND**

**5.**

When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

**6.**

As a direct and proximate result of having inhaled, ingested, or otherwise having been exposed to asbestos as described in Paragraph 7 below, Petitioner, BETTY LANDIX, contracted and was diagnosed with malignant colon cancer in August of 2024.

**7.**

Petitioner, BETTY LANDIX, suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold, supplied, and/or maintained by the Defendants, and due to the failure of Defendants to provide Petitioner and her relative(s) with a safe place in which to work free from the hazards of asbestos, which exposure ultimately resulted in her contraction of malignant colon cancer. During the course and scope of her relative(s) employment with various companies, Petitioner and her relative(s) used, handled, and/or were in the vicinity of others using or handling asbestos or asbestos-containing products at various locations, wherein asbestos fibers escaped into the air, resulting in Petitioner breathing those fibers, subsequently causing her development of colon cancer.

**8.**

Petitioner was unnecessarily exposed to asbestos for decades due to Defendants' failure to inform her of the health hazards associated with asbestos exposure. Defendants failed to warn Petitioner and/or her relative(s) of the health hazards associated with working with and around asbestos materials, including the dangers of exposing family members to asbestos by returning home in work clothes contaminated with asbestos. Defendants also failed to provide a safe work environment for their employees and invitees, despite having superior knowledge of critical medical and safety information related to the dangers from exposure to asbestos, due to their lack of providing any meaningful or adequate supervision, workplace safety instruction, safety

equipment, industrial hygiene procedures, medical surveillance programs, respiratory protection requirements, locker rooms, or even posted warning signs. Petitioner and her relative(s) were also exposed to asbestos as a result of working with and around asbestos-containing materials and products designed, manufactured, sold, supplied and/or maintained by Defendants. These asbestos-containing materials and products were defective, unreasonably dangerous, and unreasonably dangerous per se, and Defendants failed to provide any type of sufficient safety instructions for reducing, or warnings related to, the health hazards these products would present in the course of their normal foreseeable use by individuals, such as Petitioner and her relative(s).

**9.**

Each of the Defendants knew, or should have known, through industry and medical studies and standards, the existence of which were unknown to Petitioner, of the health hazards inherent in exposing workers, consumers, and members of the general public to asbestos-containing materials. Despite such knowledge, Defendants chose not to provide such individuals with adequate warnings or instructions for safely working with or around asbestos-containing materials.

**10.**

Because of the latency period between exposure to asbestos and the onset of malignant colon cancer, Petitioner has only recently discovered her injuries and not more than one year preceding the filing of this Petition for Damages.

**11.**

Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

**12.**

All causative exposures to asbestos sustained by Petitioner occurred on or before December 1980.

## COUNT I: GENERAL NEGLIGENCE ALLEGATIONS
**(All Defendants)**

**13.**

On information and belief, all Defendants identified in Paragraph 2 above were responsible to provide Petitioner and her relative(s) with warnings concerning hazardous conditions at their sites or relating to their hazardous asbestos-containing materials ("ACMs") and generally to provide Petitioner and her relative(s) with safe premises in order to protect the life, health, safety, and welfare of Petitioner, including the following responsibilities:

A. Inspection, approval, and supervision of these various ACMs and premises for hazards and vices that may present a hazard to Petitioner and her relatives(s);

B. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people like Petitioner and her relative(s);

C. To see that workers performed their duties pertaining to their work in a proper, safe, and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Petitioner and her relative(s);

D. To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

E. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

F. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

G. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus in order to prevent Petitioner and her relative(s) from being harmed by exposure to asbestos in the environment in which they were required to be present;

H. To make certain that Petitioner and her relative(s) were provided a safe environment, free from asbestos dust inhalation and operations free from asbestos dust;

I. To measure the levels of asbestos dust in the premises working environment;

J. To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act; and

K. To warn Petitioner and her relative(s) of the dangers posed by the polluted atmosphere in which they worked including but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos.

**14.**

Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the following paragraphs.

**15.**

Upon information and belief, Defendants knew of the dusty atmospheres in which Petitioner and her relative(s) worked, which were damaging and dangerous to Petitioner. Each knew, or should have known, of the dangers to Petitioner's health posed by working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioner alleges that Defendants knew or should have known that injuries, including but not limited to respiratory illness, could have been avoided by the use of adequate ventilation, warnings, packaging, and safety equipment.

**16.**

Petitioner was exposed to asbestos or asbestos containing products as a result of the negligence, defective design, manufacture, distribution, marketing, sale, supply, and/or use of asbestos products by Defendants identified in Paragraph 2 above. Petitioner alleges that the negligence and other misconduct of these Defendants are/were a proximate cause of her injuries.

**17.**

Defendants were distributors, contractors, manufacturers, sellers, users, distributors, or suppliers of ACMs and were engaged in the business of using, manufacturing, or facilitating the manufacture of ACMs; represented themselves as manufacturers of ACMs; or were professional vendors of ACMs, all of which expected the ACMs to reach the Employer and Premises Defendants' facilities with said ACMs reaching same.

**18.**

The products mined, manufactured, sold, distributed, supplied, shipped, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se* to Petitioner and his relative(s), who were intended and foreseeable users and bystanders exposed to these products. The defects included, without limitation:

A. The mining, manufacture, sale, supply, distribution and/or use of products that are unreasonably dangerous, or unreasonably dangerous *per se*;

B. The mining, manufacture, sale, supply, distribution and/or use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in as a result of their intended use;

C. Lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

D. Lack of safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E. Failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

F. Failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

G. Failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

H. Failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

I. Defects in the composition and construction of these products;

J. Failure to recall these products mined, manufactured, sold, distributed and/or supplied;

K. Failure to properly package these products so that they could be safely transported, handled, stored and/or disposed of; and

L. Over-warranting the safety of these products that were manufactured, sold, supplied, or used by Defendants.

Petitioner alleges strict liability for things in Defendants' *garde*, possession, custody, or control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

**19.**

The defective conditions of Defendants' products and fault, as noted above, were a proximate cause of Petitioner's injuries.

**20.**

Petitioner also alleges that each and every one of these Defendants were also negligent in engaging in the substandard conduct described above and that this negligence was also a proximate cause of Petitioner's injuries.

**21.**

The negligence of Defendants was a substantial factor in, and contributed to, causing damages to Petitioner.

**COUNT II: STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/ MANUFACTURERS/INSURERS**

**22.**

The Defendants were either all miners, manufacturers, sellers, users, distributors, contractors, and/or suppliers of asbestos products, or insured such entities, and were engaged in the business of using, manufacturing, or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of

asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Paragraph 2 from which Petitioner was exposed.

**23.**

The products mined, manufactured, sold, distributed, supplied, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous per se to Petitioner and her relative(s) who were intended and foreseeable users and bystanders who were exposed to these products. These defects include, without limitation, the following:

a. the mining, manufacture, sale, supply, distribution, and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b. the mining, manufacture, sale, supply, distribution, and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the individuals who would be foreseeably exposed to them in as a result of their intended use;

c. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i. defects in the composition and construction of these products;

j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k. failure to properly package these products so that they could be safely transported, handled, stored, or disposed of; and

l. over-warranting the safety of these products that were manufactured, sold, supplied, and/or used by Defendants.

**24.**

Petitioner alleges strict liability for things in Defendants' *garde*, possession, custody, or control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

**25.**

The defective conditions of Defendants' products and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

**26.**

Petitioner also alleges that each and every one of the foregoing Defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence w as also a proximate cause of Petitioner's injuries.

**PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing premises set out in paragraphs 1 through 26, Petitioner requests that all Defendants named in the petition be served and cited to appear and answer as the law directs, and that, after due proceedings are had, Petitioner recovers of and from the Defendants individually, jointly, and *in solido* in an amount which the evidence may show proper at the time of trial, together with costs, and legal interest from the date of judicial demand until paid, to compensate Petitioner for the following:

a. all past, present, and future medical costs or expenses related thereto;

b. all past, present, and future lost earnings;

c. all past, present, and future mental pain, suffering, anguish, and distress;

d. all past, present, and future physical pain and suffering;

e. the disfigurement suffered by Petitioner;

f. loss of quality of life;

g. past, present, and future disability; and

h. any such other and further relief, special and general, as law and equity may permit.

**DEMAND FOR TRIAL BY JURY**

Petitioner is entitled to, and specifically requests, a trial by jury of all issues of fact herein.

Respectfully submitted,

PHILIP C. HOFFMAN, LLC

Philip C. Hoffman, LA Bar No. 32277
Dayal S. Reddy, LA Bar No. 31928
Kelly A. Ross, LA Bar No. 41392
400 Poydras Street, Suite 1625
New Orleans, LA 70130
Telephone: 504-822-6050
Facsimile: 504-313-3911
Email: *phil@pchlawfirm.com*

*dayal@phclawfirm.com*
*kelly@pchlawfirm.com*
*tara@pchlawfirm.com*
*shanna@pchlawfirm.com*
*yahnah@pchlawfirm.com*

**COUNSEL FOR PETITIONER**

**PLEASE SERVE THE FOLLOWING DEFENDANT WITH THIS PETITION FOR DAMAGES AND DEMAND FOR JURY:**

**TAYLOR-SEIDENBACH, INC.**
**Through Its Registered Agent**
**Hal Shepard**
**731 South Scott Street**
**New Orleans, LA 70119**