**Wolters Kluwer**

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Jan White<br>Huntington Ingalls Industries, Inc.<br>5220 RIVER ROAD<br>AVONDALE, LA 70094-2770 |
| **RE:** | **Process Served in Louisiana** |
| **FOR:** | Huntington Ingalls Incorporated  (Domestic State: VA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BETTY LANDIX // To: Huntington Ingalls Incorporated |
| **DOCUMENT(S) SERVED:** | Citation, Fist Supplemental Amended And Restated Petition, Attachment(s), Petition |
| **COURT/AGENCY:** | Parish of Orleans, Civil District Court, LA<br>Case # 202503367 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/04/2025 at 09:23 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of citation (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Philip C. Hoffman<br>PHILIP C. HOFFMAN, LLC<br>400 Poydras Street, Suite 1625<br>New Orleans, LA 70130<br>504-822-6050 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/05/2025, Expected Purge Date: 06/10/2025<br><br>Image SOP<br><br>Email Notification,  Jan White  jan.white@hii-co.com<br><br>Email Notification,  Shayna Callis  shayna.e.callis@hii-co.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

**EXHIBIT B**

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/04/2025
CT Log Number 549294633

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jun 4, 2025
**Server Name:** Drop Service

| Entity Served | HUNTINGTON INGALLS INCORPORATED |
|---|---|
| Case Number | 2025-03367 |
| Jurisdiction | LA |

| Inserts | | |
|---|---|---|
| | | |



ATTORNEY'S NAME:   Reddy, Dayal S 31928
AND ADDRESS:          900 S Peters Ste 16, New Orleans, LA 70130

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-03367 | DIVISION: L | SECTION: 06 |

### LANDIX, BETTY

### Versus

### TAYLOR-SEIDENBACH, INC., ET AL

## CITATION

TO:          HUNTINGTON INGALLS INCORPORATED

THROUGH:   ITS REGISTERED AGENT: CT CORPORATION SYSTEM

3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

FIRST SUPPLEMENTAL, AMENDED, AND RESTATED PETITION FOR DAMAGES w/ORIGINAL PETITION FOR DAMAGES AND DEMAND FOR JURY

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA May 19, 2025**

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Tyme Jones, Deputy Clerk

---

## SHERIFF'S RETURN
### (for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **FIRST SUPPLEMENTAL, AMENDED, AND RESTATED PETITION FOR DAMAGES w/ORIGINAL PETITION FOR DAMAGES AND DEMAND FOR JURY** | **FIRST SUPPLEMENTAL, AMENDED, AND RESTATED PETITION FOR DAMAGES w/ORIGINAL PETITION FOR DAMAGES AND DEMAND FOR JURY** |
| ON **HUNTINGTON INGALLS INCORPORATED** | ON **HUNTINGTON INGALLS INCORPORATED** |
| THROUGH: **ITS REGISTERED AGENT: CT CORPORATION SYSTEM** | THROUGH: **ITS REGISTERED AGENT: CT CORPORATION SYSTEM** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **HUNTINGTON INGALLS INCORPORATED** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER            RETURN | Deputy Sheriff of _____ |
| _____ / _____ / _____ | |
| SERIAL NO.      DEPUTY      PARISH | |

ID: 11619744                          Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

    Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED

2025 MAY 16  PM 2: 30

CIVIL
DISTRICT COURT

NO.: 2025-03367                    SECTION: 6                    DIVISION: L-6

BETTY LANDIX

VERSUS

TAYLOR-SEIDENBACH, INC., ET AL.

FILED: _____              _____
                                                        DEPUTY CLERK

## FIRST SUPPLEMENTAL, AMENDED, AND RESTATED PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, BETTY LANDIX,

who files this first supplemental, amended, and restated to her Petition for Damages herein the

following respects:

### 1.

Petitioner, BETTY LANDIX, is an adult domiciled in the parish of Jefferson in the State

of Louisiana.

### 2.

Made Defendants herein are the following: either foreign corporations licensed to do and

doing business in the State of Louisiana, domestic corporations licensed to do and doing business

in the State of Louisiana, or individuals that are liable unto the Petitioners for the claims asserted

herein:

#### ASBESTOS MINERS/MANUFACTURERS/SELLERS/
#### SUPPLIERS/CONTRACTORS/DISTRIBUTORS AND THEIR INURERS

A. **TAYLOR SEIDENBACH, INC.**

B. **AURORA PUMP COMPANY**

C. **BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, f/k/a Bridgestone Firestone North American Tire, LLC**

D. **CLEAVER-BROOKS INC., f/k/a Aqua-Chem, Inc.**

E. **DEZURIK, INC.**

F. **FMC CORPORATION f/k/a Peerless Pump and Northern Pump Company and Sterling Fluid**

G. **FOSTER WHEELER LLC**

H. **GENERAL ELECTRIC COMPANY**

I.  GOODRICH CORPORATION f/k/a The B.F Goodrich Company

J.  THE GOODYEAR TIRE AND RUBBER COMPANY

K.  GOULDS PUMPS, LLC

L.  GRINNELL, LLC

M.  INTERNATIONAL PAPER COMPANY

N.  ITT LLC, F/K/A ITT INDUSTRIES, INC. AND BELL & GOSSETT COMPANY

O.  PARAMOUNT GLOBAL, f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation

P.  REDCO CORPORATION, f/k/a Crane Co.

Q.  WARREN PUMPS, INC.

## EMPLOYERS/ EXECUTIVE OFFICERS/ PREMISES OWNERS AND THEIR INSURERS

R.  CENTURY INDEMNITY COMPANY (as successor to CCI Insurance Company, as successor to Insurance Company of North America and successor to Indemnity Insurance Company of North America), as the Liability Insurer for American Cyanamid Company, n/k/a Wyeth LLC, f/k/a Wyeth, Inc., f/k/a Wyeth Holdings LLC, f/k/a Wyeth Holdings Corporation, as successor-in-interest to American Cyanamid Company

S.  CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, as the liability insurer of the following Executive Officers of Avondale Industries, Inc.: Albert Bossier, Jr., C. Edwin Hartzman, Earl Spooner, George Kelmell, Henry "Zac" Carter, Hettie Margaret, J. Melton Garrett, James O' Donnell, James T. Cole, John Chantrey, John McCue, Ollie Gatlin, Peter Territo, Steven Kennedy

T.  CHEVRON USA, INC., FKA GULF OIL CORPORATION

U.  DOW CHEMICAL COMPANY

V.  EL PASO ENERGY E.S.T. COMPANY, TRUSTEE FOR THE EPEC OIL COMPANY f/k/a TENNECO OIL COMPANY

W.  ENTERGY LOUISIANA, LLC f/k/a GULF STATEA UTILITIES COMPANY

X.  EPEC OIL COMPANY, f/k/a TENNECO OIL COMPANY

Y.  FLUOR ENTERPRISES, INC. f/k/a FLUOR DANIEL, INC., f/k/a FLUOR ENGINEERS, INC., f//k/a FLUOR ENGINEERS AND CONSTRUCTORS, INC.

Z.  GULF ENGINEERING COMPANY, LLC, as successor-by-merger to Gulf Engineering Company, Inc. f/k/a Gulf Engineering Service & Specialty Company, Inc.

AA.  HOOKER CHEMICAL CORPORATION, n/k/a OCCIDENTAL CHEMICAL CORRPOATION

BB.  HUNTINGTON INGALLS INCORPORATED, f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc. ("Avondale")

CC.  LEVEL 3 HOLDINGS, INC., f/k/a Whitney Holdings, Inc., as successor-in-interest to PETER KIEWITT SONS' CO.

DD.   **MARATHON PETROLEUM COMPANY, LP**

EE.   **MURPHY OIL USA, INC.**

FF.   **PHARMACIA, LLC f/k/a Pharmacia Corporation f/k/a Monsanto Company**

GG.   **RILEY POWER, INC.**

HH.   **SHELL USA, INC., f/k/a Shell Oil Company and f/k/a Shell Chemical Corporation**

II.   **THE TRAVELERS INDEMNITY COMPANY, as the Liability Insurer of the following Avondale Executive Officers on Issues of Liability and Damages Only: .: Albert Bossier, Jr., C. Edwin Hartzman, Earl Spooner, George Kelmell, Henry "Zac" Carter, Hettie Margaret, J. Melton Garrett, James O' Donnell, James T. Cole, John Chantrey, John McCue, Ollie Gatlin, Peter Territo, Steven Kennedy**

JJ.   **TURNER INDUSTRIES GROUP, LLC, individually and as successor-in-interest to NICHOLS CONSTRUCTION CORPORATION**

KK.   **UNION CARBIDE CORPORATION**

LL.   **UNITED STATES FIDELITY AND GUARANTY COMPANY, as insurer of Gulf Engineering Company, LLC**

MM.   **WYETH HOLDINGS LLC f/k/a WYETH HOLDINGS CORPORATION f/k/a AMERICAN CYANAMID COMPANY**

NN.   **ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland Casualty Company, as the insurer of BABST SERVICES, INC. and its Executive Officers (Emile M. Babst III, Z. Harry Kovner, Thomas B. Menann, Robert L. Thompson, and Lola R. Babst), and EMILE M. BABST COMPANY, INC. and its Executive Officers (Emile M. Babst Jr., Emile M. Babst III, Henry J. Calongne, and Harold H. Heidingsfelder)**

**3.**

Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant, Taylor-Seidenbach, Inc., is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish.

**4.**

This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 73 because the defendants listed above contributed to Petitioner's exposure to asbestos and subsequent contraction of colon cancer and, therefore, each is solidarily liable to Petitioner with Defendant, Taylor-Seidenbach, Inc., domiciled in Orleans Parish.

## BACKGROUND

### 5.

When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

### 6.

As a direct and proximate result of having inhaled, ingested, or otherwise having been exposed to asbestos as described in Paragraph 7 below, Petitioner, BETTY LANDIX, contracted and was diagnosed with malignant colon cancer in August of 2024.

### 7.

Petitioner, BETTY LANDIX, suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold, supplied, and/or maintained by the Defendants, and due to the failure of Defendants to provide Petitioner and her husband with a safe place in which to work free from the hazards of asbestos, which exposure ultimately resulted in her contraction of malignant colon cancer. Between 1968 and 1973, Petitioner's husband worked for Avondale Shipyards as a welder and helper, exposing him to asbestos through a variety of asbestos containing products and materials. Beginning in the 1970's Petitioner's husband worked in the Plumbers & Steamfitters Union Local 60 as a Pipefitter and Welder at multiple sites across Louisiana including Shell Oil, Hooker Chemical, Tenneco, Union Carbide Corporation, Monsanto, Entergy, American Cyanamide, Dow Chemical, Gulf Oil, Murphy Oil, and Marathon Oil. During this time as pipefitter and welder Petitioner's husband worked for various employers including Peter Kiewitt, Riley Stoker, Nichols Construction Corporation, E M Babst Co. and Gulf Engineering. During the course and scope of her husband's employment with these various companies, Petitioner husband used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at various locations, wherein asbestos fibers escaped into the air and onto Petitioner's husband's clothing, resulting in Petitioner breathing those fibers, subsequently causing her development of colon cancer.

### 8.

Petitioner was unnecessarily exposed to asbestos for decades due to Defendants' failure to inform her and her husband of the health hazards associated with asbestos exposure. Defendants failed to warn Petitioner and/or her husband of the health hazards associated with working with

- 4 -

and around asbestos materials, including the dangers of exposing family members to asbestos by returning home in work clothes contaminated with asbestos. Defendants also failed to provide a safe work environment for their employees and invitees, despite having superior knowledge of critical medical and safety information related to the dangers from exposure to asbestos, due to their lack of providing any meaningful or adequate supervision, workplace safety instruction, safety equipment, industrial hygiene procedures, medical surveillance programs, respiratory protection requirements, locker rooms, or even posted warning signs. Petitioner and her relative(s) were also exposed to asbestos as a result of working with and around asbestos-containing materials and products designed, manufactured, sold, supplied and/or maintained by Defendants. These asbestos-containing materials and products were defective, unreasonably dangerous, and unreasonably dangerous per se, and Defendants failed to provide any type of sufficient safety instructions for reducing, or warnings related to, the health hazards these products would present in the course of their normal foreseeable use by individuals, such as Petitioner and her husband.

**9.**

Each of the Defendants knew, or should have known, through industry and medical studies and standards, the existence of which were unknown to Petitioner and her husband, of the health hazards inherent in exposing workers, consumers, and members of the general public to asbestos-containing materials. Despite such knowledge, Defendants chose not to provide such individuals with adequate warnings or instructions for safely working with or around asbestos-containing materials.

**10.**

Because of the latency period between exposure to asbestos and the onset of malignant colon cancer, Petitioner has only recently discovered her injuries and not more than one year preceding the filing of this Petition for Damages.

**11.**

Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

**12.**

All causative exposures to asbestos sustained by Petitioner occurred on or before December 1980.

- 5 -

## COUNT I: GENERAL NEGLIGENCE ALLEGATIONS
### (All Defendants)

### 13.

On information and belief, all Defendants identified in Paragraph 2 above were responsible to provide Petitioner and her husband with warnings concerning hazardous conditions at their sites or relating to their hazardous asbestos-containing materials ("ACMs") and generally to provide Petitioner and her husband with safe premises in order to protect the life, health, safety, and welfare of Petitioner, including the following responsibilities:

A. Inspection, approval, and supervision of these various ACMs and premises for hazards and vices that may present a hazard to Petitioner and her husband

B. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people like Petitioner and her husband;

C. To see that workers performed their duties pertaining to their work in a proper, safe, and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Petitioner and her husband;

D. To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

E. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

F. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

G. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus in order to prevent Petitioner and her relative(s) from being harmed by exposure to asbestos in the environment in which he was required to be present;

H. To make certain that Petitioner and her husband were provided a safe environment, free from asbestos dust inhalation and operations free from asbestos dust;

I. To measure the levels of asbestos dust in the premises working environment;

J. To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U.S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act; and

K. To warn Petitioner and her husband of the dangers posed by the polluted atmosphere in which he worked including but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos.

### 14.

Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the following paragraphs.

### 15.

Upon information and belief, Defendants knew of the dusty atmospheres in which Petitioner and her relative(s) worked, which were damaging and dangerous to Petitioner. Each knew, or should have known, of the dangers to Petitioner's health posed by working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioner alleges that Defendants knew or should have known that injuries, including but not limited to respiratory illness, could have been avoided by the use of adequate ventilation, warnings, packaging, and safety equipment.

## 16.

Petitioner was exposed to asbestos or asbestos containing products as a result of the negligence, defective design, manufacture, distribution, marketing, sale, supply, and/or use of asbestos products by Defendants identified in Paragraph 2 above. Petitioner alleges that the negligence and other misconduct of these Defendants are/were a proximate cause of her injuries.

## 17.

Defendants were distributors, contractors, manufacturers, sellers, users, distributors, or suppliers of ACMs and were engaged in the business of using, manufacturing, or facilitating the manufacture of ACMs; represented themselves as manufacturers of ACMs; or were professional vendors of ACMs, all of which expected the ACMs to reach the Employer and Premises Defendants' facilities with said ACMs reaching same.

## 18.

The products mined, manufactured, sold, distributed, supplied, shipped, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se* to Petitioner, who was an intended and foreseeable user and bystander exposed to these products. The defects included, without limitation:

A.    The mining, manufacture, sale, supply, distribution and/or use of products that are unreasonably dangerous, or unreasonably dangerous *per se*;

B.    The mining, manufacture, sale, supply, distribution and/or use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in as a result of their intended use;

C.    Lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

D.    Lack of safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E.    Failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

- 7 -

F. Failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

G. Failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

H. Failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

I. Defects in the composition and construction of these products;

J. Failure to recall these products mined, manufactured, sold, distributed and/or supplied;

K. Failure to properly package these products so that they could be safely transported, handled, stored and/or disposed of; and

L. Over-warranting the safety of these products that were manufactured, sold, supplied, or used by Defendants.

Petitioner alleges strict liability for things in Defendants' *garde*, possession, custody, or control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

## 19.

The defective conditions of Defendants' products and fault, as noted above, were a proximate cause of Petitioner's injuries.

## 20.

Petitioner also alleges that each and every one of these Defendants were also negligent in engaging in the substandard conduct described above and that this negligence was also a proximate cause of Petitioner's injuries.

## 21.

The negligence of Defendants was a substantial factor in, and contributed to, causing damages to Petitioner.

## COUNT II: STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/ MANUFACTURERS/INSURERS

## 22.

The Defendants were either all miners, manufacturers, sellers, users, distributors, contractors, and/or suppliers of asbestos products, or insured such entities, and were engaged in the business of using, manufacturing, or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not

- 8 -

limited to, each of the facilities listed in Paragraph 2 from which Petitioner was exposed.

**23.**

The products mined, manufactured, sold, distributed, supplied, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous per se to Petitioner and her husband who was an intended and foreseeable user and bystander who was exposed to these products. These defects include, without limitation, the following:

a.   the mining, manufacture, sale, supply, distribution, and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b.   the mining, manufacture, sale, supply, distribution, and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the individuals who would be foreseeably exposed to them in as a result of their intended use;

c.   lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d.   lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e.   failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f.   failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g.   failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h.   failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i.   defects in the composition and construction of these products;

j.   failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k.   failure to properly package these products so that they could be safely transported, handled, stored, or disposed of; and

l.   over-warranting the safety of these products that were manufactured, sold, supplied, and/or used by Defendants.

**24.**

Petitioner alleges strict liability for things in Defendants' *garde*, possession, custody, or control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

**25.**

The defective conditions of Defendants' products and fault, as noted above, are a proximate

cause of Petitioner's injuries complained of herein.

**26.**

Petitioner also alleges that each and every one of the foregoing Defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

## COUNT III: STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST EMPLOYERS/ EXECUTIVE OFFICERS/PREMISES OWNERS

**27.**

The employers and their executive officers negligently, recklessly, willfully, and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Petitioner and her relative(s) in the following:

    a.    failed to provide the Petitioner's husband with a safe work environment;

    b.    failed to provide the Petitioner's husband with safety equipment;

    c.    failed to provide the Petitioner's husband with correct, adequate, or proper safety equipment;

    d.    recklessly and negligently failed to disclose, warn, or reveal critical medical and safety information to the Petitioner's husband regarding asbestos hazards in general and with regard to those specific hazards at the work site;

    e.    recklessly concealed and negligently omitted to reveal critical medical and safety information from the Petitioner's husband regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksites;

    f.    failed to timely remove asbestos hazards from the workplace;

    g.    failed to properly supervise or monitor the work areas for compliance with safety regulations;

    h.    failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

    i.    failed to provide the necessary facilities, practices, and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the home on the clothing and/or person of the Petitioner's husband.

The above-described negligence, fault, and willful misconduct of these Defendants were proximate causes of the Petitioner's injuries.

- 10 -

**28.**

At all times throughout Petitioner and her husband's exposures to asbestos, the employers and executive officers knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, and knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet the employers and executive officers consciously chose not to inform Petitioner and/or her husband of this information or implement any meaningful safety precautions, all of which were a substantial contributing cause of Petitioner's injuries.

**29.**

Petitioner further alleges strict premises liability for the premises owners listed above in failing to provide Petitioner and her husband with a safe place in which to work free from the hazards of asbestos, which failure was a proximate cause of Petitioner's injuries.

**30.**

The premises within which Petitioner and her husband were personally exposed to asbestos as set forth in Paragraph 7, were owned by and in the custody of the premises owners, who had control over all contractors and subcontractors working at their facility which was unreasonably dangerous due to the presence and use of asbestos and asbestos-containing products with little or no precautions taken to minimize the risk of exposure and absolutely no warning of that risk. This unreasonably dangerous condition was a direct and proximate cause of Petitioner's injuries set forth herein.

**31.**

The premises owners negligently, recklessly, willfully, and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge their duties to Petitioner and her husband in the following particulars:

a.    failure to provide Petitioner and her husband with a safe place to work;

b.    failure to provide Petitioner and her husband with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the transportation of asbestos fibers

- 11 -

home on Petitioner and her husband's clothing; and

    c.      failure to inform or warn Petitioner and her husband of the hazards of asbestos exposure.

These specific acts of fault were a substantial contributing factor of Petitioner's injuries.

### PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing premises set out in paragraphs 1 through 31, Petitioner requests that all Defendants named in the petition be served and cited to appear and answer as the law directs, and that, after due proceedings are had, Petitioner recovers of and from the Defendants individually, jointly, and *in solido* in an amount which the evidence may show proper at the time of trial, together with costs, and legal interest from the date of judicial demand until paid, to compensate Petitioner for the following:

    a.   all past, present, and future medical costs or expenses related thereto;

    b.   all past, present, and future lost earnings;

    c.   all past, present, and future mental pain, suffering, anguish, and distress;

    d.   all past, present, and future physical pain and suffering;

    e.   the disfigurement suffered by Petitioner;

    f.   loss of quality of life;

    g.   past, present, and future disability; and

    h.   any such other and further relief, special and general, as law and equity may permit.

Respectfully submitted,

PHILIP C. HOFFMAN, LLC

_____

Philip C. Hoffman (#32277)
Dayal S. Reddy (#31928)
Kelly A. Ross (# 41392)
400 Poydras Street, Suite 1625
New Orleans, LA 70130
Telephone: (504) 822-6050
Facsimile: (504) 313-3911
Email: *phil@pchlawfirm.com*
      *dayal@pchlawfirm.com*
      *kelly@pchlawfirm.com*
      *tara@pchlawfirm.com*
      *shanna@pchlawfirm.com*
      *yahnah@pchlawfirm.com*

**COUNSEL FOR PETITIONER**

A TRUE COPY

.PUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

<u>PLEASE SERVE THE FOLLOWING DEFENDANTS WITH THE ORIGINAL PETITION FOR DAMAGES AND DEMAND FOR JURY AND THIS FIRST SUPPLEMENTAL, AMENDING, AND RESTATED PETITION FOR DAMAGES:</u>

1. **AURORA PUMP COMPANY**
   Via the Louisiana Long Arm Statute Through its Registered Agent
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

2. **BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,** f/k/a Bridgestone Firestone North American Tire, LLC
   Through its Registered Agent
   United Agent Group, Inc.
   1070-B West Causeway Approach  Mandeville, LA 70471

3. **CENTURY INDEMNITY COMPANY** (as successor to CCI Insurance Company, as successor to Insurance Company of North America and successor to Indemnity Insurance Company of North America), as the Liability Insurer for American Cyanamid Company, n/k/a Wyeth LLC, f/k/a Wyeth, Inc., f/k/a Wyeth Holdings LLC, f/k/a Wyeth Holdings Corporation, as successor-in-interest to American Cyanamid Company
   Service of process via the Louisiana Direct Action Statute La.R.S. 22:655
   Through the Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, LA 70809

4. **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,** as the liability insurer of the following Executive Officers of Avondale Industries, Inc.: Albert Bossier, Jr., C. Edwin Hartzman, Earl Spooner, George Kelmell, Henry "Zac" Carter, Hettie Margaret, J. Melton Garrett, James O' Donnell, James T. Cole, John Chantrey, John McCue, Ollie Gatlin, Peter Territo, Steven Kennedy
   Via the Direct-Action Statute
   Through the Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, LA 70809

5. **CHEVRON USA, INC., FKA GULF OIL CORPORATION**
   Through Its Registered Agent
   The Prentice-Hall Corporation System Inc.
   450 Laurel Street, 8th Floor
   Baton Rouge, LA 70801

6. **CLEAVER-BROOKS INC.,** f/k/a Aqua-Chem, Inc.
   Via the Louisiana Long Arm Statute
   At Its Corporate Office
   221 Law Street
   Thomasville, GA 31792

7. **DOW CHEMICAL COMPANY**
   Through Its Registered Agent
   CT Corporation System
   3867 Plaza Tower Dr., 2nd Floor
   Baton Rouge, LA 70816

8. **DEZURIK, INC.**
   Through the Louisiana Long Arm Statute
   CT Corporation System
   818 W. 7th St., Suite 930
   Los Angeles, CA 90017

9. **EL PASO ENERGY E.S.T. COMPANY, TRUSTEE FOR THE EPEC OIL**

- 13 -

COMPANY f/k/a TENNECO OIL COMPANY
Via the Louisiana Long Arm Statute
At Its Registered Address
1001 Louisiana Street
Houston, TX 77002-5089

10. ENTERGY LOUISIANA, LLC
Through Its Registered Agent
John A. Braymer
446 North Blvd.
Baton Rouge, LA 70802

11. EPEC OIL COMPANY, f/k/a TENNECO OIL COMPANY
Via the Louisiana Long Arm Statute
At Its Registered Address
1001 Louisiana Street
Houston, TX 77002-5089

12. FLUOR ENTERPRISES, INC. f/k/a FLUOR DANIEL, INC., f/k/a FLUOR
ENGINEERS, INC., f/k/a FLUOR ENGINEERS AND CONSTURCTORS, INC.
Through its Registered Agent
CORPORATION SERVICE COMPANY
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

13. FMC CORPORATION f/k/a Peerless Pump and Northern Pump Company and
Sterling Fluid
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

14. FOSTER WHEELER LLC
Through Its Registered Agent
United Agent Group, Inc.
1070 B. West Causeway Approach
Mandeville, LA 70471

15. GENERAL ELECTRIC COMPANY
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

16. GOODRICH CORPORATION f/k/a The B.F Goodrich Company
Via the Louisiana Long Arm Statute
Through Its Registered Agent
CT Corporation System
28 Liberty Street
New York, NY 10005

17. THE GOODYEAR TIRE AND RUBBER COMPANY
Through Its Registered Agent
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

18. GOULDS PUMPS, LLC
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

19. GRINNELL, LLC
    Via the Louisiana Long Arm Statute
    Through Its Registered Agent
    The Corporation Trust Center
    1209 Orange Street
    Wilmington, DE 19801

20. GULF ENGINEERING COMPANY, LLC, as successor-by-merger to Gulf
    Engineering Company, Inc., f/k/a Gulf Engineering Service & Specialty Company,
    Inc.
    Through its Agent
    Kaye Courington
    Courington, Keifer & Sommers, LLC
    616 Girod Street
    New Orleans, LA 70130

21. HOOKER CHEMICAL CORPORATION, n/k/a OCCIDENTAL CHEMICAL
    CORPORATION
    Through its Registered Agent
    CT Corporation System
    3867 Plaza Tower Drive,
    Baton Rouge, LA 70816

22. HUNTINGTON INGALLS INCORPORATED
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

23. INTERNATIONAL PAPER COMPANY
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Dr., 2nd Floor
    Baton Rouge, LA 70816

24. ITT LLC, F/K/A ITT INDUSTRIES, INC. AND BELL & GOSSETT COMPANY
    Via the Louisiana Long Arm Statute
    Through Its Registered Agent
    CT Corporation System
    334 North Senate Avenue
    Indianapolis, IN 46204

25. LEVEL 3 HOLDINGS, INC., as successor-in-interest to PETER KIEWITT SONS'
    CO.
    Via the Louisiana Long Arm Statute
    Through its Registered Agent
    The Corporation Trust Company
    Corporation Trust Center
    1209 Orange Street
    Wilmington, DE 19081

26. MARATHON PETROLEUM COMPANY, LP
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

27. MURPHY OIL USA, INC.
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Dr.
    Baton Rouge, LA 70816

28. PARAMOUNT GLOBAL, f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a
Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric
Corporation
Through its Registered Agent
Corporation Service Company
450 Laurel Street, 8th fl.
Baton Rouge, LA 70801

29. PHARMACIA, LLC f/k/a Pharmacia Corporation f/k/a Monsanto Company
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

30. REDCO CORPORATION, f/k/a Crane Co.
Via the Louisiana Long Arm Statute
Through Its Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

31. RILEY POWER, INC.
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr., 2nd floor
Baton Rouge, LA 70816

32. SHELL USA, INC., f/k/a Shell Oil Company and f/k/a Shell Chemical Corporation
Through its Registered Agent
CT Corporation System
3867 Plaza Tower Dr., 2nd Floor
Baton Rouge, LA 70816

33. THE TRAVELERS INDEMNITY COMPANY,
Via the Direct-Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

34. TURNER INDUSTRIES GROUP, LLC, individually and as successor-in-interest to
NICHOLS CONSTRUCTION CORPORATION
Through its Registered Agent:
Max C. Marx – or – John H. Fenner, III
8687 United Plaza Blvd.
Baton Rouge, LA 70809

35. UNION CARBIDE CORPORATION
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

36. UNITED STATES FIDELITY AND GUARANTY COMPANY, as insurer of Gulf
Engineering Company, LLC
Via the Direct-Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

37. WARREN PUMPS, INC.
Via the Louisiana Long Arm Statute
Through Its Registered Agent

CT Corporation System
155 Federal Street, Ste. 700
Boston, MA 02110

38. WYETH HOLDINGS LLC f/k/a WYETH HOLDINGS CORPORATION f/k/a
AMERICAN CYANAMID COMPANY
Through its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

39. ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to
Maryland Casualty Company, as the insurer of BABST SERVICES, INC. and its
Executive Officers (Emile M. Babst III, Z. Harry Kovner, Thomas B. Menann, Robert
L. Thompson, and Lola R. Babst), and EMILE M. BABST COMPANY, INC. and its
Executive Officers (Emile M. Babst Jr., Emile M. Babst III, Henry J. Calongne, and
Harold H. Heidingsfelder)
Via the Direct-Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809


**ALL OTHER DEFENDANTS WILL BE SERVED IN ACCORDANCE WITH
LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 1313.**



ATTORNEY'S
COPY
2025 APR -4
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2025- 03367          SECTION:                    DIVISION: L-6

BETTY LANDIX

VERSUS

TAYLOR-SEIDENBACH, INC., ET AL.

FILED: _____          _____
                                            DEPUTY CLERK

## PETITION FOR DAMAGES AND DEMAND FOR JURY

COMES NOW Petitioner, BETTY LANDIX, by and through undersigned counsel, who

respectfully states the following:

**1.**

Petitioner, BETTY LANDIX, is an adult domiciled in Jefferson Parish, in the State of

Louisiana.

**2.**

Made Defendants herein are the following: either foreign corporations licensed to do and

doing business in the State of Louisiana, domestic corporations licensed to do and doing business

in the State of Louisiana, or individuals that are liable unto the Petitioners for the claims asserted

herein:

### ASBESTOS MINERS/MANUFACTURERS/
### SELLERS/SUPPLIERS/CONTRACTORS/DISTRIBUTORS

A. **TAYLOR-SEIDENBACH, INC.**

**3.**

Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil

Procedure Article 42(2) because Defendant, Taylor-Seidenbach, Inc., is a domestic corporation

licensed to do business in this State and has designated as its primary business office and/or

primary place of business in Louisiana as Orleans Parish.

**4.**

This action is within the jurisdiction of the court and Orleans Parish is a proper venue

pursuant to Louisiana Code of Civil Procedure Article 73 because the defendants listed above

contributed to Petitioner's exposure to asbestos and subsequent contraction of colon cancer and, therefore, each is solidarily liable to Petitioner with Defendant, Taylor-Seidenbach, Inc., domiciled in Orleans Parish.

<u>BACKGROUND</u>

5.

When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

6.

As a direct and proximate result of having inhaled, ingested, or otherwise having been exposed to asbestos as described in Paragraph 7 below, Petitioner, BETTY LANDIX, contracted and was diagnosed with malignant colon cancer in August of 2024.

7.

Petitioner, BETTY LANDIX, suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold, supplied, and/or maintained by the Defendants, and due to the failure of Defendants to provide Petitioner and her relative(s) with a safe place in which to work free from the hazards of asbestos, which exposure ultimately resulted in her contraction of malignant colon cancer. During the course and scope of her relative(s) employment with various companies, Petitioner and her relative(s) used, handled, and/or were in the vicinity of others using or handling asbestos or asbestos-containing products at various locations, wherein asbestos fibers escaped into the air, resulting in Petitioner breathing those fibers, subsequently causing her development of colon cancer.

8.

Petitioner was unnecessarily exposed to asbestos for decades due to Defendants' failure to inform her of the health hazards associated with asbestos exposure. Defendants failed to warn Petitioner and/or her relative(s) of the health hazards associated with working with and around asbestos materials, including the dangers of exposing family members to asbestos by returning home in work clothes contaminated with asbestos. Defendants also failed to provide a safe work environment for their employees and invitees, despite having superior knowledge of critical medical and safety information related to the dangers from exposure to asbestos, due to their lack of providing any meaningful or adequate supervision, workplace safety instruction, safety

equipment, industrial hygiene procedures, medical surveillance programs, respiratory protection requirements, locker rooms, or even posted warning signs. Petitioner and her relative(s) were also exposed to asbestos as a result of working with and around asbestos-containing materials and products designed, manufactured, sold, supplied and/or maintained by Defendants. These asbestos-containing materials and products were defective, unreasonably dangerous, and unreasonably dangerous per se, and Defendants failed to provide any type of sufficient safety instructions for reducing, or warnings related to, the health hazards these products would present in the course of their normal foreseeable use by individuals, such as Petitioner and her relative(s).

9.

Each of the Defendants knew, or should have known, through industry and medical studies and standards, the existence of which were unknown to Petitioner, of the health hazards inherent in exposing workers, consumers, and members of the general public to asbestos-containing materials. Despite such knowledge, Defendants chose not to provide such individuals with adequate warnings or instructions for safely working with or around asbestos-containing materials.

10.

Because of the latency period between exposure to asbestos and the onset of malignant colon cancer, Petitioner has only recently discovered her injuries and not more than one year preceding the filing of this Petition for Damages.

11.

Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

12.

All causative exposures to asbestos sustained by Petitioner occurred on or before December 1980.

## COUNT I: GENERAL NEGLIGENCE ALLEGATIONS
### (All Defendants)

13.

On information and belief, all Defendants identified in Paragraph 2 above were responsible to provide Petitioner and her relative(s) with warnings concerning hazardous conditions at their sites or relating to their hazardous asbestos-containing materials ("ACMs") and generally to provide Petitioner and her relative(s) with safe premises in order to protect the life, health, safety, and welfare of Petitioner, including the following responsibilities:

A.  Inspection, approval, and supervision of these various ACMs and premises for hazards and vices that may present a hazard to Petitioner and her relatives(s);

B.  To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people like Petitioner and her relative(s);

C.  To see that workers performed their duties pertaining to their work in a proper, safe, and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Petitioner and her relative(s);

D.  To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

E.  To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

F.  To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

G.  To provide adequate warnings, safety equipment, ventilation, and breathing apparatus in order to prevent Petitioner and her relative(s) from being harmed by exposure to asbestos in the environment in which they were required to be present;

H.  To make certain that Petitioner and her relative(s) were provided a safe environment, free from asbestos dust inhalation and operations free from asbestos dust;

I.  To measure the levels of asbestos dust in the premises working environment;

J.  To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act; and

K.  To warn Petitioner and her relative(s) of the dangers posed by the polluted atmosphere in which they worked including but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos.

14.

Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the following paragraphs.

15.

Upon information and belief, Defendants knew of the dusty atmospheres in which Petitioner and her relative(s) worked, which were damaging and dangerous to Petitioner. Each knew, or should have known, of the dangers to Petitioner's health posed by working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioner alleges that Defendants knew or should have known that injuries, including but not limited to respiratory illness, could have been avoided by the use of adequate ventilation, warnings, packaging, and safety equipment.

16.

Petitioner was exposed to asbestos or asbestos containing products as a result of the negligence, defective design, manufacture, distribution, marketing, sale, supply, and/or use of asbestos products by Defendants identified in Paragraph 2 above. Petitioner alleges that the negligence and other misconduct of these Defendants are/were a proximate cause of her injuries.

17.

Defendants were distributors, contractors, manufacturers, sellers, users, distributors, or suppliers of ACMs and were engaged in the business of using, manufacturing, or facilitating the manufacture of ACMs; represented themselves as manufacturers of ACMs; or were professional vendors of ACMs, all of which expected the ACMs to reach the Employer and Premises Defendants' facilities with said ACMs reaching same.

18.

The products mined, manufactured, sold, distributed, supplied, shipped, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se* to Petitioner and his relative(s), who were intended and foreseeable users and bystanders exposed to these products. The defects included, without limitation:

A.  The mining, manufacture, sale, supply, distribution and/or use of products that are unreasonably dangerous, or unreasonably dangerous *per se*;

B.  The mining, manufacture, sale, supply, distribution and/or use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in as a result of their intended use;

C.  Lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

D.  Lack of safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E.    Failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

F.    Failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

G.    Failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

H.    Failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

I.    Defects in the composition and construction of these products;

J.    Failure to recall these products mined, manufactured, sold, distributed and/or supplied;

K.    Failure to properly package these products so that they could be safely transported, handled, stored and/or disposed of; and

L.    Over-warranting the safety of these products that were manufactured, sold, supplied, or used by Defendants.

Petitioner alleges strict liability for things in Defendants' *garde*, possession, custody, or control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

19.

The defective conditions of Defendants' products and fault, as noted above, were a proximate cause of Petitioner's injuries.

20.

Petitioner also alleges that each and every one of these Defendants were also negligent in engaging in the substandard conduct described above and that this negligence was also a proximate cause of Petitioner's injuries.

21.

The negligence of Defendants was a substantial factor in, and contributed to, causing damages to Petitioner.

## COUNT II: STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/ MANUFACTURERS/INSURERS

22.

The Defendants were either all miners, manufacturers, sellers, users, distributors, contractors, and/or suppliers of asbestos products, or insured such entities, and were engaged in the business of using, manufacturing, or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of

asbestos or asbestos-containing products, which were expected to and did reach, including but

not limited to, each of the facilities listed in Paragraph 2 from which Petitioner was exposed.

23.

The products mined, manufactured, sold, distributed, supplied, and/or used by these

Defendants were defective, unreasonably dangerous, and unreasonably dangerous per se to

Petitioner and her relative(s) who were intended and foreseeable users and bystanders who were

exposed to these products. These defects include, without limitation, the following:

a. the mining, manufacture, sale, supply, distribution, and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b. the mining, manufacture, sale, supply, distribution, and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the individuals who would be foreseeably exposed to them in as a result of their intended use;

c. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i. defects in the composition and construction of these products;

j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k. failure to properly package these products so that they could be safely transported, handled, stored, or disposed of; and

l. over-warranting the safety of these products that were manufactured, sold, supplied, and/or used by Defendants.

24.

Petitioner alleges strict liability for things in Defendants' *garde*, possession, custody, or

control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm

to Petitioner.

25.

The defective conditions of Defendants' products and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

26.

Petitioner also alleges that each and every one of the foregoing Defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence w as also a proximate cause of Petitioner's injuries.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, based on the foregoing premises set out in paragraphs 1 through 26, Petitioner requests that all Defendants named in the petition be served and cited to appear and answer as the law directs, and that, after due proceedings are had, Petitioner recovers of and from the Defendants individually, jointly, and *in solido* in an amount which the evidence may show proper at the time of trial, together with costs, and legal interest from the date of judicial demand until paid, to compensate Petitioner for the following:

a. all past, present, and future medical costs or expenses related thereto;

b. all past, present, and future lost earnings;

c. all past, present, and future mental pain, suffering, anguish, and distress;

d. all past, present, and future physical pain and suffering;

e. the disfigurement suffered by Petitioner;

f. loss of quality of life;

g. past, present, and future disability; and

h. any such other and further relief, special and general, as law and equity may permit.

<u>DEMAND FOR TRIAL BY JURY</u>

Petitioner is entitled to, and specifically requests, a trial by jury of all issues of fact herein.

Respectfully submitted,

PHILIP C. HOFFMAN, LLC

_____
Philip C. Hoffman, LA Bar No. 32277
Dayal S. Reddy, LA Bar No. 31928
Kelly A. Ross, LA Bar No. 41392
400 Poydras Street, Suite 1625
New Orleans, LA 70130
Telephone: 504-822-6050
Facsimile: 504-313-3911
Email: *phil@pchlawfirm.com*

*dayal@phclawfirm.com*
*kelly@pchlawfirm.com*
*tara@pchlawfirm.com*
*shanna@pchlawfirm.com*
*yahnah@pchlawfirm.com*

COUNSEL FOR PETITIONER

**PLEASE SERVE THE FOLLOWING DEFENDANT WITH THIS PETITION FOR DAMAGES AND DEMAND FOR JURY:**

TAYLOR-SEIDENBACH, INC.
Through Its Registered Agent
Hal Shepard
731 South Scott Street
New Orleans, LA 70119